F  I  L  E  D

DEC 2 3 2015

CLERK, U.S. DISTRICT COURT
RICHMOND, VA

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

DAVID HOWARD POOLER,           )
                               )
        Petitioner,            )
                               )
v.                             )        Civil Action No. 3:15CV146–HEH
                               )
IVAN GILMORE,                  )
                               )
        Respondent.            )

## MEMORANDUM OPINION
### (Adopting Report and Recommendation and Dismissing Action)

David Howard Pooler, a Virginia inmate proceeding *pro se*, filed this petition for

habeas corpus under 28 U.S.C. § 2254 ("§ 2254 Petition," ECF No. 1). On November

18, 2015, the Magistrate Judge issued a Report and Recommendation. The Magistrate

Judge recommended that the Court grant Respondent's Motion to Dismiss because

Pooler's claims lack merit. The Magistrate Judge advised Pooler that he could file

objections within fourteen (14) days after the entry of the Report and Recommendation.

Pooler has not responded. Instead, Respondent, the prevailing party, filed Objections,

urging this Court to grant his motion to dismiss on other grounds. (Resp't's Objections

Magistrate Judges [sic] Report Recommendation ("Objections"), ECF No. 24.)

### I.    STANDARD FOR REVIEW

"The magistrate makes only a recommendation to this court. The recommendation

has no presumptive weight, and the responsibility to make a final determination remains

with this court." *Estrada v. Witkowski*, 816 F. Supp. 408, 410 (D.S.C. 1993) (citing

*Mathews v. Weber*, 423 U.S. 261, 270–71 (1976)). This Court "shall make a de novo

determination of those portions of the report or specified proposed findings or

recommendations to which objection is made." 28 U.S.C. § 636(b)(1). "The filing of

objections to a magistrate's report enables the district judge to focus attention on those

issues—factual and legal—that are at the heart of the parties' dispute." *Thomas v. Arn*,

474 U.S. 140, 147 (1985). In the absence of a specific written objection, this Court may

adopt a magistrate judge's recommendation without conducting a de novo review. *See*

*Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 316 (4th Cir. 2005).

## II.   REPORT AND RECOMMENDATION

The Magistrate Judge made the following findings and conclusions:

### A.   Introduction

Pooler pled guilty in the Circuit Court of Fairfax County ("Circuit Court") to "feloniously [and] voluntarily submit[ting] to carnal knowledge by or with the mouth of his son David Pooler, a child at least thirteen (13) years of age but less than eighteen (18) years of age [in violation of] Va. Code. § 18.2-361B." (Indictment 1, ECF No. 22-1.) The cited section of the Virginia Code, titled "Crimes against nature," provides that:

> Any person who performs or causes to be performed cunnilingus, fellatio, anilingus, or anal intercourse upon or by his daughter or granddaughter, son or grandson, brother or sister, or father or mother is guilty of a Class 5 felony. However, if a parent or grandparent commits any such act with his child or grandchild and such child or grandchild is at least 13 but less than 18 years of age at the time of the offense, such parent or grandparent is guilty of a Class 3 felony

Va. Code Ann. § 18.2-361(B).

In his § 2254 Petition, Pooler seeks to take advantage of clerical errors or omissions in the Circuit Court record that inaccurately suggested that Pooler had been convicted of sodomy of an unrelated person, in

violation of section 18.2-361(A) of the Virginia Code,[1] or forcible sodomy, in violation of section 18.2-67.1(B) of the Virginia Code, rather than the incestuous sodomy prohibition found in section 18.2-361(B). Well before the instant habeas proceeding, the Circuit Court corrected any ambiguity or error. As explained below, Pooler fails to demonstrate that his current detention violates the Constitution.

## B. Procedural History

On May 21, 2007, Pooler was charged in a three-count indictment. Count I charged Pooler with "feloniously [and] voluntarily submit[ting] to carnal knowledge by or with the mouth of his son David Pooler, a child at least thirteen (13) years of age but less than eighteen (18) years of age [in violation of] Va. Code. § 18.2-361[]." (Indictment 1, ECF No. 22-1.) On August 13, 2007, the Circuit Court granted the Commonwealth's "motion to amend the Code Section on Count I [of the indictment] from "18.2-361' to 18.2-361B.'" *Commonwealth v. Pooler*, No. FE-2007-769, at 1-2 (Va. Cir. Ct. Aug. 15, 2007). The same day, Pooler pled guilty to Count I. Plea of Guilty to a Felony 1, *Pooler*, No. FE-2007-769 (Va. Cir. Ct. Aug. 13, 2007). On December 14, 2007, the Circuit Court sentenced Pooler to twenty years of incarceration with ten years suspended. (Sentencing Order 1-2, ECF No. 22-1.) The Sentencing Order erroneously stated that Pooler's conviction was for sodomy pursuant to section 18.2-67.1(B) of the Virginia Code. *See id.* at 1. On December 30, 2009, on Pooler's motion, the Circuit Court entered an order that corrected the clerical error and changed "sodomy" to "crimes against nature," and corrected the code section to 18.2-361(B). *Commonwealth v. Pooler*, No. FE-2007-769, at 1 (Va. Cir. Ct. Dec. 30, 2009).

Pooler noted an appeal that was ultimately dismissed as untimely. *Pooler v. Commonwealth*, No. 0172-08-4, at 1 (Va. Ct. App. Apr. 11,

---

[1] That portion of the statue provided that, "[i]f any person carnally knows in any manner any brute animal, or *carnally knows any male or female person by the anus or by or with the mouth, or voluntarily submits to such carnal knowledge, he or she shall be guilty of a Class 6 felony,* except as provided in subsection B." Va. Code Ann. § 18.2-361(A) (West 2005) (emphasis added). In *McDonald v. Moose*, 710 F.3d. 154, 166-67 (4th Cir. 2013), the United States Court of Appeals for the Fourth Circuit found unconstitutional the voluntary sodomy portion of the statute that the Court has placed in italics above.

The Fourth Circuit, however, did not address the portion of the statute—Va. Code Ann. § 18.2-361(B)—that criminalizes incestuous sodomy between minors and adults, except to note it "might well survive" constitutional review. *Id.* at 167. Here, Pooler fails to advance any argument that his detention is unlawful based on an argument that the Constitution protects incestuous sodomy between a minor and an adult.

2008).  Pooler also filed a Motion for Reconsideration asking the Circuit Court to reconsider his sentence.  Motion to Reconsider Sentence 1-2, *Commonwealth v. Pooler*, No. FE-2007-769 (Va. Cir. Ct. Apr. 24, 2008). After a hearing, the Circuit Court denied the motion.  *Commonwealth v. Pooler*, No. FE-2007-769, at 1 (Va. Cir. Ct. July 11, 2008).  On July 14, 2008, Pooler noted a second appeal.  Notice of Appeal 1-2, *Commonwealth v. Pooler*, No. FE-2007-769 (Va. Cir. Ct. July 29, 2008).  The Court of Appeals of Virginia dismissed the appeal on November 14, 2008.[2]  Pooler filed neither an appeal to the Supreme Court of Virginia nor a petition for a writ of habeas corpus in state court.

On March 9, 2015,[3] Pooler filed his § 2254 Petition.  In his § 2254 Petition, Pooler asserts the following claims:

Claim One:   "The conviction was based upon an unconstitutional sodomy statute; the Virginia legislature recently decriminalized the act for which Petitioner was convicted." (§ 2254 Pet. 4.)

Claim Two:   "Sentenced [sic] imposed on November 29, 2007 is an illegal sentence." (*Id.* at 5.)

Claim Three: "Petitioner is serving sentence for an act that is not a crime." (*Id.* at 7.)

## C.   Analysis

### 1.   Respondent's Arguments

Respondent contends that the federal statute of limitations bars Pooler's claims on the following basis: "Because Pooler filed no appeal, he was not entitled to file a petition for a writ of certiorari.  The time for Pooler to file a notice of appeal expired on January 14, 2008.[]  Pooler[] thus was required to file any federal habeas corpus petition not later than

---

[2]   See http://www.courts.state.va.us (select "Case Status and Information;" select "Court of Appeals of Virginia" from drop-down menu; then follow "ACMS–SCV" button; select Appellant/Petitioner," type "Pooler, David," and then follow "Search" button; then follow hyperlinks for CAV Record # "1859-08-4") (last visited Nov. 17, 2015).

[3]   This is the date Pooler executed his § 2254 Petition.  (§ 2254 Pet. 18.) Accordingly, the Court deems this to be the date Pooler placed the § 2254 Petition in the prison mailing system and, hence, the "filed" date.  *See Houston v. Lack*, 487 U.S. 266, 276 (1988).  The Court employs that pagination assigned to the § 2254 Petition by the CM/ECF docketing system.  The Court corrects the spacing in the quotations from Pooler's submissions.

January 14, 2009." (Br. Supp. Mot. Dismiss 3.) Without expending a great deal of time outlining the fallacy in this argument, the Court notes that Respondent failed to acknowledge that Pooler filed two notices of appeal and continued litigating in the Circuit Court until at least July 2008 and, more importantly, argues entitlement to a belated commencement under 28 U.S.C. § 2244(d)(1)(B).[4] (*See* § 2254 Pet. 18.) In light of Respondent's insufficient statute of limitations argument, the Court declines to grant the Motion to Dismiss on this ground.

Respondent also argues that Pooler failed to exhaust his state court remedies because he never presented his claims to the Supreme Court of Virginia. In light of Respondent's terse argument and the apparent lack of merit of Pooler's claims, the Court addresses Pooler's claims on the merits.

---

[4] Section 101 of the Antiterrorism and Effective Death Penalty Act ("AEDPA") amended 28 U.S.C. § 2244 to establish a one-year period of limitation for the filing of a petition for a writ of habeas corpus by a person in custody pursuant to the judgment of a state court. Specifically, 28 U.S.C. § 2244(d) now reads:

(1)    A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of—

    (A)    the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

    (B)    the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

    (C)    the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

    (D)    the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2)    The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

### 2.     Merits

In Claim One, Pooler argues that his "conviction was based upon an unconstitutional sodomy statute; the Virginia legislature recently decriminalized the act for which Petitioner was convicted." (§ 2254 Pet. 4.) Similarly, in Claim Three, Pooler argues that he "is serving a sentence for an act that is not a crime." (*Id.* at 7.) Pooler contends that

> [o]n April 23, 2014, the Virginia legislature decriminalized the act for which Petitioner was convicted by amending Va. Code § 18.2-361. Petitioner was charged and entered a guilty [plea] for violating § 18.2-361. The Virginia state legislature recognized that the provision of Va. Code § 18.2-361, which had been declared unconstitutional in *MacDonald v. Moose*, 710 F.3d 154 (4th Cir. 2013); the Virginia legislature was compelled to decriminalize the conduct as a result.

(*Id.* at 4-5 (emphasis added).) Pooler's argument lacks merit for several reasons.

As background, in *MacDonald*, the United States Court of Appeals for the Fourth Circuit was faced with a due process challenge to a portion of section 18.2-361(A) of the Virginia Code, not the statute in its entirety as Pooler suggests.     710 F.3d at 160.     The Fourth Circuit found unconstitutional the portion of section 18.2-361(A) that stated: "If any person . . . carnally knows any male or female person by the anus or by or with the mouth, or voluntarily submits to such carnal knowledge, he or she shall be guilty of a [felony.]" *Id.* at 156 (alteration in original) (quoting Va. Code Ann. § 18.2-361(A)); *see id.* at 167. After *MacDonald*, the Virginia General Assembly indeed amended section 18.2-361(A) and deleted the portion of the statute found to be unconstitutional by the Fourth Circuit. *See* Va. Code Ann § 18.2-361(A) (West 2015).    However, contrary to Pooler's suggestion, this amendment to the Virginia Code fails to entitle him to any relief.  Pooler was not convicted of a violation of section 18.2-361(A) of the Virginia Code.  Instead, Pooler pled guilty to a violation of section 18.2-361(B) of the Virginia Code which criminalizes incestuous sodomy.   *See* Va. Code Ann. § 18.2-361(B).   The Virginia General Assembly has not decriminalized the conduct of which Pooler stands convicted.   Thus, Pooler's claim that he is convicted of decriminalized conduct lacks merit.  Accordingly, it is RECOMMENDED that Claims One and Three be DISMISSED.

In Claim Two, Pooler argues that the "[s]entence[] imposed on November 29, 2007 is an illegal sentence." (§ 2254 Pet. 5.) In support of his claim, Pooler argues,

> Petitioner was indicted on the (non-violent) charge of Crimes Against Nature § 18.2-361[.] Petitioner entered guilty plea to one count of Crimes Against Nature § 18.2-361[.] Court sentence[d] Petitioner to the (violent) offense of Forcible Sodomy § 18.2-67.1. Sentence imposed followed the mandatory sentencing procedure for Forcible Sodomy . . . wherein the maximum statutory limit of 20 years must be imposed with time suspended, if any, from this maximum. . . . Crimes Against Nature § 18.2-361 (as indicted) has statutory limits of 1-5 years. Court acknowledged their error in December 2009 by ordering the sentence to be modified in name and statute only and left the length of sentence and the conditions of the sentence unchanged.

(*Id.* at 5-6.) Pooler identifies no violation of the laws or the Constitution of the United States. Instead, he raises a claim that the Circuit Court erred in sentencing on a state law ground. Such a claim provides no basis for federal habeas corpus relief. *Estelle v. McGuire*, 502 U.S. 62, 67–68 (1991) ("[I]t is not the province of a federal habeas court to reexamine state-court determinations on state-law questions."); *Lewis v. Jeffers*, 497 U.S. 764, 780 (1990) (citing cases for the proposition that "federal habeas corpus relief does not lie for errors of state law").

Moreover, Claim Two also lacks merit. Despite the Circuit Court's clerical error in the Sentencing Order, Pooler was appropriately sentenced to twenty years based upon his conviction of a Class 3 felony, which is punishable by "a term of imprisonment of not less than five years nor more than 20 years . . . ." Va. Code Ann. § 18.2-10(c); *see id.* § 18.2-361(B). Accordingly, it is RECOMMENDED that Claim Two be DISMISSED. It is also RECOMMENDED that the action be DISMISSED and the Motion to Dismiss (ECF No. 14) be GRANTED.

(Report and Recommendation 1–8 (omissions in original).)

## III.   RESPONDENT'S OBJECTIONS

In his Objections, Respondent states that "the Magistrate Judge erred in reaching the merits of Pooler's untimely and unexhausted claims." (Objections 4.) Respondent argued that Pooler's § 2254 Petition was barred by the statute of limitations, procedurally defaulted, and that his claims lacked merit. In light of Respondent's cursory procedural arguments, and the obvious flaws in Pooler's logic, the Magistrate Judge elected to

address the merits of Pooler's claims. Finding Respondent's statute of limitations argument shallow, the Magistrate Judge declined to adopt that line of analysis. The Magistrate Judge found that Respondent failed to address the impact on the statute of limitations of Pooler's notices of appeal or his continuing litigation in the Circuit Court until July 2008. The Magistrate Judge also determined that Respondent failed to address any argument supporting belated commencement of the limitations period discernable from the face of Pooler's § 2254 Petition. In his Objections, Respondent belatedly amplifies the skeletal grounds supporting his statute of limitations argument advanced in the Motion to Dismiss.[5] Objections to a Report and Recommendation are not the appropriate time to provide more fulsome argument in support of a motion to dismiss.

Respondent also argues that "[t]he Magistrate Judge erred in not dismissing the petition for lack of exhaustion." (Objections 4.) Respondent claims that "[a]lthough the Magistrate Judge took issue with the respondent's 'terse argument,' the Magistrate Judge did not find the argument was not well taken. No elaborate argument was needed in a

---

[5] The Court notes that Respondent's statute of limitations argument was a quite laconic. For example, Pooler's challenge to his conviction was based solely on a March 2013 case, *MacDonald v. Moose*, 710 F.3d. 154, 166–67 (4th Cir. 2013), and subsequent actions by the state in amending his statute of conviction. Respondent failed to address the impact *MacDonald* or the amendments to the statute could have on the limitations period. Respondent provides that argument for the first time in his Objections. Respondent claims that "[t]he Magistrate Judge erred in crediting Pooler's invocation of 28 U.S.C. § 2254(d)(1)(B) where Pooler never identified any impediment by state action that prevented the filing of his federal habeas corpus petition. Nothing in Pooler's submissions provides any basis to conclude that there was any state impediment to filing his federal petition." (Objections 2.) This Court disagrees. Pooler's only claim was brought pursuant to a case decided in 2013, that he believed, albeit incorrectly, changed the law as it related to his conviction and therefore allowed him to challenge his conviction by federal habeas corpus. Although Pooler failed to identify specifically 28 U.S.C. § 2244(d)(1)(B) in his § 2254 Petition, an argument channeling this statute was readily apparent from the face of his filings. Respondent's objection is not well-taken. More importantly, Respondent should have provided a more thorough argument in his Brief in Support of Motion to Dismiss in the first instance.

case in which there was neither a direct appeal to the Supreme Court of Virginia nor any state habeas petition filed." (*Id.*)  The Court finds no error in the Magistrate Judge's decision to address the merits of Pooler's claim.  Respondent argued in his Brief in Support of Motion to Dismiss that "Pooler never exhausted his state remedies as to his present claims by presenting them to any state court.  A state habeas corpus petition filed at the present time would be held barred by the state statute of limitations." (Br. Supp. Mot. Dismiss 3, ECF No. 16.)  Respondent, however, failed to explain why a claim premised on an alleged April 23, 2014 change in state law would be barred by the statute of limitations at the time Pooler filed his § 2254 Petition on March 11, 2015.

Respondent identifies no error in the Magistrate Judge's ultimate conclusion that Pooler's claims lack merit.  Respondent's Objections will be overruled.[6]

There being no objections from Pooler, the Report and Recommendation will be accepted and adopted.  The Motion to Dismiss (ECF No. 14) will be granted.  Pooler's claims and the action will be dismissed.  The § 2254 Petition will be denied.  The Court

---

[6] Moreover, the Magistrate Judge appropriately perceived that a full resolution of Respondent's procedural defenses would be a waste of judicial resources.  In his § 2254 Petition, Pooler asserted, albeit incorrectly, that he was actually innocent because he was serving a sentence for an act that is not a crime.  The Supreme Court has stated that, "actual innocence, if proved, serves as a gateway through which a petitioner may pass whether the impediment is a procedural bar . . . [or] expiration of the statute of limitations." *McQuiggin v. Perkins*, 133 S. Ct. 1924, 1928 (2013).  Given that the Court would ultimately have to resolve Pooler's claims, even if the Court found the statute of limitations or the procedural default rule to apply, the Magistrate Judge appropriately proceeded to address the merits of Pooler's claims.

will deny a certificate of appealability.

An appropriate Final Order will accompany this Memorandum Opinion.

                                              /s/
                                    Henry E. Hudson
                                    United States District Court

Date: Dec. 23, 2015
Richmond, Virginia

10